IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. __:____-CV-___-__

| | |
|---|---|
| LARRY CHRISTOPHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TRAWLER CAMERON SCOTT, LLC | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Now comes the Plaintiff in the above-captioned matter and for his Complaint states:

## PARTIES

1. Plaintiff Larry Christopher (hereinafter referred to as "Plaintiff" and/or "Mr. Christopher") is an individual who resides at 9514 Franktown Road, Nassawadox, VA 23413.

2. Upon information and belief, Defendant Trawler Cameron Scott, LLC. (hereinafter referred to as "Defendant Corporation") is a domestic corporation registered in the State of North Carolina, with its registered agent and President being Jonathan Brent Fulcher; and according to the Secretary of State having its principal place of business located at 476 Old Causeway Road, Beaufort, NC 28516, its registered office at that same place, and its mailing address at PO BOX 795 Beaufort, North Carolina, 28516, and at all times hereafter referred to, owned, operated and/or

controlled the fishing vessel F/V CAMERON SCOTT upon which the Plaintiff commercial fisherman's injury occurred, and which did and continues to do business in North Carolina.

3. Defendant corporation on information and belief owned and/or operated and/or controlled the F/V CAMERON SCOTT as part of its usual and regular course of business in navigation out of the ports of North Carolina, and in addition the port of New Bedford, utilizing settlement companies in New Bedford for the sale of its fish haul, and utilizing local persons for the transaction of its business.

4. At the time of the injury to the Plaintiff fisherman, the F/V CAMERON SCOTT was engaged in navigation on the seas, and thereafter sailed to the Port of New Bedford where the Plaintiff sought treatment for his injuries.

## JURISDICTION

5. This Court has personal jurisdiction over the Defendant Corporation because it has at all relevant times in the State of North Carolina purposefully availed itself of the benefits, profits, and privileges deriving from its business activities in this state and engaging in navigation to and from its ports and doing business in the state as a North Carolina corporation.

6. This action is being brought against Defendant Corporation that owned and operated the F/V CAMERON SCOTT, and employed Plaintiff, a commercial fisherman, in admiralty pursuant to the Merchant Marine Act of 1920, commonly known as the Jones Act, 46 U.S.C. § 30104 and this Court has jurisdiction to adjudicate admiralty claims under the "savings to suitors clause" of 28 U.S.C. § 1331(1).

7. The Court has subject matter jurisdiction because this action involves complete diversity of the parties and damages are in excess of $75,000.00 under <u>Title 28</u>, <u>Section 1332</u> of the <u>United States Code</u> <u>(28 U.S.C. § 1332(a))</u>

8. The Plaintiff herein alleges that a maritime tort was committed by the Defendant, that the vessel was in navigation on navigable waters at the time of the tort; that the Defendant Trawler Cameron Scott LLC was in lawful possession of the F/V Cameron Scott at the time of the tort; and that the Plaintiff is not an owner or part owner or joint venture in the ownership of the vessel.

## **VENUE**

9. Venue is proper in this court because at all relevant times Defendant and Plaintiff have availed themselves of the State of North Carolina and the Federal District Court therein which has jurisdiction over admiralty claims under 28 U.S.C. §1333.

## **STATEMENT OF FACTS**

10. Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

11. Mr. Christopher worked as a commercial fisherman aboard the fishing vessel F/V CAMERON SCOTT, owned and operated by Defendant Trawler Cameron Scott, LLC. At all times relevant thereto, Mr. Christopher was employed as a commercial fisherman on the F/V CAMERON SCOTT.

12. On or about March 30, 2022, while the F/V CAMERON SCOTT was in navigable waters and while Plaintiff was in the exercise of due care and in the performance of his duties as a seaman, Mr. Christopher sustained a severe and painful traumatic injury.

13. Specifically, while on board the F/V CAMERON SCOTT, Mr. Christopher was performing his duties, as required by the Defendant and its Captain, to both clean the galley and "mind" the wheelhouse.

14. At the time of the event, the seas were choppy and a storm threatened.

15. The seas were so threatening that the Captain had determined to leave the fishing ground and head into the nearest port which was New Bedford.

16. The Captain therefore left the wheel house unattended, during a period of wave action which he knew or should have known was likely to need corrective action by the helmsman or Captain; the Captain had a non-delegable duty to ensure the crew's safety by being in the wheelhouse or ensuring that a competent helmsman should have been in the wheel house, so as to preserve ship and crew safety. These actions by the Captain negligently created an unseaworthy condition.

17. Despite this, the Captain ordered Larry Christopher to clean the galley and concurrently to "mind the wheelhouse."

18. This admonition to do work in the galley at the same time as the Captain admonished Larry Christopher to mind the wheelhouse should not have been ordered by the Captain, as at all times the Captain bore the responsibility for keeping the crew and vessel safe under the existing wave conditions. The actions of the Captain here also negligently created an unseaworthy condition.

19. Further, Larry Christopher was not qualified to "mind" a wheel house in choppy seas with appreciable waves, and certainly not while being tasked with another objective outside the wheelhouse, which was to clean the galley.

20. As Mr. Christopher attempted to maintain both of these tasks, he lost his balance near the top of the galley stairwell due to the roll of a wave. Due to the lack of "hand holds" and/or railing and/or safety appurtenances around the top of the stairs, which created a dangerous and unseaworthy condition, Mr. Christopher fell down the galley stairwell which amounted to fourteen steps. This fall caused Mr. Christopher to suffer a severe injury to his lower back which has caused him to suffer serious and debilitating lower back injuries.

21. Defendant has a legal duty to pay maintenance and cure to seamen for injuries sustained aboard its vessel. After demand, Defendant has paid limited maintenance and cure in an inconsistent and untimely fashion.

22. Plaintiff remains in pain and requires treatment for his lower back injuries which resulted from the March 30, 2022, incident.

23. At the time of the filing of this Complaint Plaintiff has provided letters indicating that he is not fit for duty and is continuing to be treated for his injuries and the Defendant has refused to date to pay maintenance beyond an insufficient amount and initial amount that did not continue.

24. Therefore, Defendant is in direct violation of its duty to pay maintenance and cure for Plaintiff's lower back until Plaintiff reaches a medical end result, or maximum medical improvement.

25. The Captain never contacted the United States Coast Guard or the Vessel owner to report the injury, in violation of 33 CFR § 173.55.

26. The tasks Mr. Christopher was required to perform on the F/V CAMERON SCOTT were extremely dangerous due to the dangerous working conditions and unseaworthy condition of this Vessel.

27. As a result of his injuries, suffered as a direct result of negligence and unseaworthiness of the Vessel, Mr. Christopher is physically unfit for employment at his previous occupation as a commercial fisherman and has sustained substantial damage as a result thereof.

28. As a direct result of his back injuries, Mr. Christopher suffered mental and emotional injuries. These mental and emotional injuries were suffered as a direct result of Defendant's negligence as set forth more fully below.

## COUNT I: JONES ACT NEGLIGENCE
### (LARRY CHRISTOPHER V. TRAWLER CAMERON SCOTT, LLC)

29. Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

30. Defendant Trawler Cameron Scott LLC, owed a duty to Plaintiff to, among other things, provide a reasonably safe place to work and/or to use reasonable care in the performance of the actions of conducting fishing aboard the vessel and/or in operating the machinery of the vessel in such a manner as to avoid injury to the seaman working on the vessel.

31. Defendant Trawler Cameron Scott, LLC, breached this to duty to Plaintiff, which in turn caused him to suffer injuries.

32. More specifically, personal injuries sustained by Plaintiff were not caused by any fault on his part but were caused by the negligence of Defendant Trawler Cameron Scott, LLC and its agents, servants and/or employees as follows:

a. Failing to provide Plaintiff with a reasonably safe place in which to work;

   b. Failing to provide a safe and properly constructed stairwell;

   c. Failing to provide appropriate equipment with which to work; and

   d. Failing to provide adequate supervision, tools and manpower.

**WHEREFORE**, Plaintiff demands judgment against Defendant Trawler Cameron Scott, LLC, for all recoverable compensatory damages to fully and fairly compensate him for his injuries and damages, in addition to court costs, pre-and post-judgment interest, attorneys' fees, and other such relief as the Court deems just.

### COUNT II: GENERAL MARITIME LAW – UNSEAWORTHINESS
### (LARRY CHRISTOPHER V. TRAWLER CAMERON SCOTT, LLC)

33. Plaintiff incorporates by reference all of the allegations contained in the forgoing paragraphs as if they were fully reinstated herein.

34. Defendant Trawler Cameron Scott, LLC owed a duty to Plaintiff to, among other things, provide a reasonably safe place to work.

35. Defendant Trawler Cameron Scott, LLC breached this duty to Plaintiff, which in turn caused him to suffer injuries, as a result of the unsafe and dangerous conditions of the vessel including but not limited to a lack of sufficient handrails and stair rails to protect against someone falling down the stairs in wave action on the seas, and the fact that the Captain was not in the wheelhouse at a time when high seas and wave action called for his presence or a competent helmsmen to be in the wheelhouse to ensure crew safety.

36. More specifically, personal injuries sustained by Plaintiff were due to no fault of his, but were caused by the unseaworthiness of the F/V CAMERON SCOTT.

37. As a result of said injuries, Plaintiff has suffered pain of body and anguish of mind, incurred medical expenses and is likely to incur future medical expenses, and has sustained and will continue to sustain other damages that will be shown at trial.

38. As a further result of said injuries, Plaintiff has lost a considerable amount in wages from his employment and Plaintiff's power and capacity to work and earn money in the future have been disabled.

39. Plaintiff claims damages in the amount to be shown at trial for his injuries; for his mental and physical pain and suffering, past, present and future; past loss earnings; loss of earning capacity and for his expenses of medical treatment.

40. This cause of action is brought under the General Maritime Law for Unseaworthiness.

**WHEREFORE**, Plaintiff demands judgment against Defendant Trawler Cameron Scott, LLC, for all recoverable compensatory damages to fully and fairly compensate him for his injuries and damages, in addition to court costs, pre-and post-judgment interest, attorneys' fees, and such other relief as the Court deems just.

### COUNT III: GENERAL MARITIME LAW – MAINTENANCE AND CURE
### (LARRY CHRISTOPHER v. TRAWLER CAMERON SCOTT, LLC)

41. Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

42. As a result of the personal injuries described above, Plaintiff has incurred and will continue to incur expenses for his maintenance and cure.

**WHEREFORE**, Plaintiff, demands judgment against the Defendant Trawler Cameron Scott, LLC in an amount sufficient to fully and fairly compensate him for maintenance and

cure, including but not limited to punitive and compensatory damages, costs, interests and attorneys' fees.

### COUNT IV: GENERAL MARITIME LAW/JONES ACT – INTENTIONAL/NEGLIGENT FAILURE TO PROVIDE MAINTENANCE AND CURE
### (LARRY CHRISTOPHER v. TRAWLER CAMERON SCOTT, LLC)

43. Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

44. As a result of the personal injuries describe above, Plaintiff has incurred and will continue to incur expenses for his maintenance and cure.

45. Plaintiff has made a demand upon Defendant for the provision of maintenance and cure for his lower back.

46. Defendant has negligently, willfully, arbitrarily, and/or unreasonably failed to provide Plaintiff maintenance and cure in a timely and adequate manner.

47. As a result of Defendant's failure to provide Plaintiff maintenance and cure, Plaintiff has sustained and will continue to sustain damages, including without limitation, pain of the body and anguish of his mind, lost time from his usual work and pursuits, medical and hospital expenses, attorneys' fees, and has sustained and will sustain other damages that will be shown at trial.

**WHEREFORE**, Plaintiff demands judgment against the Defendant Trawler Cameron Scott, LLC in an amount sufficient to fully and fairly compensate him for maintenance and cure, including but not limited to punitive and compensatory damages, costs, interests and attorneys' fees.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

This 22nd day of February 2023.

/s/ Frank J. Gordon
Frank J. Gordon, Esq. NC Bar No. 15871
fgordon@mgsattorneys.com
Millberg Gordon Stewart PLLC
1101 Haynes Street, Suite 104
Raleigh, NC 27604
P: (919) 836-0090
F: (919) 836-8027

Kathleen A. Reagan, Esq. BBO No. 549023
kreagan@flynnwirkus.com
Flynn Wirkus Young, P.C.
350 Granite Street, Suite 1024
Braintree, MA 02184
P: (617) 773 5500
F: (617) 773 5510