IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:23-CV-36-D-BM

| | | |
|---|---|---|
| LARRY CHRISTOPHER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TRAWLER CAMERON SCOTT, LLC | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on plaintiff's motion to compel [DE-18]. In support of his motion, plaintiff filed a memorandum [DE-19] and exhibits [DE-19-1 to -5]. Defendant filed a response in opposition [DE-24] and exhibits in support thereof [DE-24-1 to -4]. The court held a telephonic status hearing on the motion to compel, *inter alia* [DE-31], on November 15, 2023 (the "telephonic hearing"),[1] during which counsel for plaintiff and counsel for defendant were each heard on regarding the status of the documents at issue in the instant motion.

For the reasons set forth below, plaintiff's motion to compel [DE-18] is ALLOWED IN PART with regard to the limited request for production but DENIED IN PART with regard to the request for costs or attorneys' fees.

## I. BACKGROUND

On February 22, 2023, plaintiff filed his complaint in this action asserting claims against defendant, his former employer under diversity jurisdiction alleging various state law and maritime law causes of action related to an injury that plaintiff suffered while working as a commercial

---

[1] Also pending before the court is defendant's motion to compel [DE-20] regarding plaintiff's earnings information. During the November 15, 2023 telephonic hearing, the court also heard from each counsel regarding the status of the documents at issue in defendant's motion. The court will address defendant's motion to compel [DE-20] by separate order.

fisherman on a fishing vessel owned and/or operated and/or controlled by the defendant.  *See* Compl. [DE-1] at 2.  As a part of the discovery requests, plaintiff's request for production of documents ("RFP") 23 asks defendant to provide:

> All "trip sheets", "settlement sheets" and/or accounting records concerning the distribution of "shares", wages, or Vessel proceeds to crew members of the F/V CAMERON SCOTT for the time period beginning five (5) years prior to the Incident to the present.

[DE-19-1] at 6.

While the request asked for over five years of settlement sheets or similar documents, in response to plaintiff's RFP 23 defendant only produced the settlement sheet from the fishing trip during which the accident occurred.  Defendant reasons that this was the only trip during which plaintiff worked on the vessel F/V CAMERON SCOTT.  [DE-24] at 2.

Plaintiff's counsel represents in the filings that during a conversation with defendant's counsel on September 12, 2023, defendant's counsel indicated that he had certain settlement sheets for 2022 in his possession, but that he was not willing to produce these documents to plaintiff. [DE-19] at 2-3.  At the telephonic hearing, plaintiff advised that she was limiting the scope of her discovery request to the settlement sheets of the F/V CAMERON SCOTT in the possession of opposing counsel, which she understood to be those for approximately the year 2022.

## II.  DISCUSSION

The Federal Rules of Civil Procedure enable parties to obtain information by serving requests for discovery upon each other, including interrogatories and RFPs.  *See generally* Fed. R. Civ. P. 26-37.  Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the

parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

The rules of discovery, including Rule 26, are to be given broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors*, No. 2:98-CV-62-BO, 2000 WL 33672978, at *4 (E.D.N.C. Sept. 27, 2000).

While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "broadly construed to encompass 'any possibility that the information sought may be relevant to the claim or defense of any party.'" *Equal Emp. Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06-CV-889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473 (N.D. Tex.)); *see also Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R. 238, 240 (E.D.N.C. 2010) ("During discovery, relevance is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (quoting *Oppenheimer Fund., Inc., v. Sanders*, 437 U.S. 340, 351 (1978)). The district court has broad discretion in determining relevance for discovery purposes. *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992). Rule 37 allows for the filing of a motion to compel where a party fails to respond to written discovery requests. Fed. R. Civ. P. 37(a)(3)(B).

In his memorandum, plaintiff argues that "the settlement sheets state what a crew member in [p]laintiff's position's earnings would be and are relevant to [p]laintiff's claim for his past and future wage loss and future earning capacity losses." [DE-19] at 3. Plaintiff also argues that his experts need the settlement sheets to fully develop their opinions in this case. *Id.*

3

Defendant argues that the proposed discovery is "not relevant or proportional to the needs of the case . . . [because the requested settlement sheets] do not reflect [plaintiff's] earnings but the earnings of others." [DE-24] at 7. Defendant also notes in its response in opposition that records that defendant subpoenaed from Purdue Farms show that the plaintiff was employed by Purdue Farms for numerous stretches between 2015 and 2022, indicating that plaintiff was employed outside the commercial fishing industry for much of the period subject to the request. [DE-24] at 6-7.

The court is persuaded by plaintiff's arguments. Settlement records of the vessel on which plaintiff suffered his injury for a discrete period surrounding such injury are relevant to the question of what plaintiff's economic earnings would have been had he not been injured.[2] The fact that plaintiff was not employed by defendant on all of the fishing trips for which settlement sheets are requested does not negate the relevancy of such documents in calculating plaintiff's wage loss and future potential earnings, as comparator information could potentially be relevant for such calculations. Moreover, especially in light of plaintiff's counsel's agreement to limit the request to the settlement records that are currently in the possession of defendant's counsel, which encompasses a period of approximately one year, 2022, the court finds that this limited request is proportionate to the requirements of this case.

The cases that defendant cites in support of its argument are not binding on this court, and additionally the court finds them inapposite. In *Valdez v. Genesis Healthcare LLC*, while the court limited the discovery request to the time that plaintiff worked at the defendant company, this was a two-year period, which would have still allowed meaningful analysis of trends and the ability to

---

[2] The court makes no findings on whether plaintiff's injury or other factors were the cause, in whole or in part, of plaintiff's termination. Such question goes beyond the scope of the instant discovery dispute.

4

identify whether any specific period was an outlier. No. 2:19-CV-00976-DMG-JC, 2021 WL 5989963, at *12 (C.D. Cal. Sept. 7, 2021). Similarly, the court in *Brewer v. BNSF Ry. Co.* found that the request was overly broad and not proportional to the needs of the case. No. CV 14-65-GF-BMM-JTJ, 2018 WL 1756432, at *3 (D. Mont. Jan. 11, 2018), *report and recommendation adopted*, No. CV-14-65-GF-BMM-JTJ, 2018 WL 882812 (D. Mont. Feb. 14, 2018). Here, the court cannot find that a request for approximately one year of documents, which are currently in the possession of defendant's counsel, is "overly broad."[3]

Defendant's response in opposition also argues that plaintiff did not meet his purported burden to show that the records in question were in the possession, custody, or control of defendant for the entirety of the requested period. During the November 15, 2023 telephonic hearing, plaintiff's counsel indicated that she was limiting the scope of the request to include only the documents that were in opposing counsel's possession, which she understood to include settlement sheets from approximately 2022. Accordingly, the court will not further discuss defendant's argument in this regard.

Accordingly, plaintiff's motion to compel a response to RFP 23, as limited by plaintiff during the telephonic hearing, is GRANTED and defendant is ORDERED to produce all "trip sheets", "settlement sheets", and/or accounting records concerning the distribution of "shares", wages, or Vessel proceeds to crew members of the F/V CAMERON SCOTT that are currently in the possession of defendant's counsel.

Plaintiff, in his memorandum, also requests that the court order defendant to pay plaintiff's

---

[3] In the response in opposition, defendant also notes that plaintiff has not produced his earnings information in response to defendant's discovery requests. [DE-24] at 5. As noted above, plaintiff's earnings information is the subject of a separate pending motion to compel discovery filed by defendant [DE-20]. The court will address defendant's motion to compel [DE-20] by separate order, and the merits of that motion are not at issue here.

reasonable expenses, including attorney's fees, that were incurred in bringing his motion to compel pursuant to Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure. [DE-19] at 4. Counsel for both parties wrote to one another on multiple occasions and spoke by telephone at least once regarding their respective positions on the discovery dispute. *See* [DE-19-3, 19-4, 19-5]. Defendant also timely filed a response in opposition to plaintiff's motion to compel [DE-24], and both parties appeared at the telephonic status hearing. While resolution of the discovery matters without the need for motions to compel is always preferred, it is not always possible. Based on the circumstances, the court finds that an award of expenses would be unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii). The court therefore declines to make any such award, and plaintiff shall bear its own expenses incurred in bringing its motion.

### III. CONCLUSION

For the reason stated above, plaintiff's motion to compel [DE-18] is ALLOWED IN PART with regard to the limited request for production, and DENIED IN PART with regard to the request for costs or attorneys' fees.

Defendant is ORDERED to produce the "trip sheets", "settlement sheets", and/or accounting records concerning the distribution of "shares", wages, or Vessel proceeds to crew members of the F/V CAMERON SCOTT that are currently in the possession of defendant's counsel, as limited by plaintiff during the telephonic hearing.

SO ORDERED, this 20th day of November, 2023.

_____
Brian S. Meyers
United States Magistrate Judge

6