IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:23-CV-36-D-BM

| | |
|---|---|
| LARRY CHRISTOPHER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TRAWLER CAMERON SCOTT, LLC, ) <br> ) <br> Defendant. ) | **ORDER** |

This matter is before the court on defendant's motion to compel [DE-20] production of plaintiff's Social Security earnings and benefits information. In support of the motion, defendant filed a memorandum [DE-21] and exhibits [DE-20-1 to -7].

Plaintiff filed a memorandum in opposition [DE-26] and exhibits in support thereof [DE-26-1 to -3]. In his memorandum in opposition, plaintiff represented that he was "working to obtain [his earnings and benefits information from the Social Security Administration ("SSA")] and [would] provide them to [d]efendant's counsel once received." [DE-26] at 2.

The court held a telephonic status hearing on defendant's motion to compel, *inter alia* [DE-31], on November 15, 2023,[1] during which counsel for defendant and counsel for plaintiff were each heard regarding the production of the Social Security earnings and benefits information at issue. Counsel for plaintiff maintained that the information at issue would be provided to counsel for defendant upon plaintiff's receipt from the SSA. Counsel for plaintiff provided that although there had been difficulty obtaining the requested information, a formal request had been made to the SSA, and she expected to receive the information by the end of November. The court set a

---

[1] During the November 15, 2023 telephonic hearing, the court also heard from each counsel regarding the status of the documents at issue in plaintiff's then-pending motion to compel [DE-18]. The undersigned previously ruled upon plaintiff's motion to compel by separate order [DE-33].

telephonic status hearing for December 4, 2023.

On December 4, 2023, the court held a telephonic status hearing [DE-36], during which counsel for defendant and counsel for plaintiff were present. Counsel for plaintiff provided that the information had not been received from the SSA, and that counsel would be filing a motion seeking a court order directing the SSA to provide the requested information. On December 11, 2013, the court granted plaintiff's unopposed motion [DE-35] and ordered [DE-37] the SSA to disclose the requested information regarding plaintiff's earning history and benefits.

As reflected in the docket of this case, the court subsequently held telephonic status hearings on January 2, 2024, February 2, 2024, and March 1, 2024. *See* [DE-41; -43; 45]. During each hearing, counsel for both parties attended, and counsel for plaintiff provided an update regarding the progress made on obtaining the information requested from the SSA.

On March 8, 2024, the court held an additional telephonic status hearing. Counsel for plaintiff provided that following the March 1, 2024 telephonic hearing, she (i) received documents by mail from the SSA containing the information at issue, and (ii) had provided copies of the documents to defendant. Counsel for defendant confirmed his receipt of the documents from plaintiff's counsel, and that the documents indeed contained the information at issue in defendant's motion to compel. Counsel for defendant did not wish to be heard further on the motion to compel.

The court has considered defendant's motion to compel [DE-20], the related filings by the parties, arguments of counsel, and the record of this case. As discussed on the record during the March 8, 2024 telephonic hearing, in light of the foregoing, including, in particular, defendant's

ultimate receipt of the information at issue in the instant motion to compel, defendant's motion to compel [DE-20] is DENIED AS MOOT.

SO ORDERED, this 11th day of March, 2024.

_____
Brian S. Meyers
United States Magistrate Judge